IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

DEANDRE RODGERS,                       )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )        Case No. CIV-20-00839-PRW
                                       )
RICK WHITTEN, Warden; OKLAHOMA         )
PARDON AND PAROLE BOARD; and           )
KEVIN STITT, Governor of the State of  )
Oklahoma,                              )
                                       )
            Defendants.                )

## ORDER

On August 24, 2020, United States Magistrate Judge Gary M. Purcell issued a Report and Recommendation (Dkt. 5) in this action. Although Plaintiff has invoked 42 U.S.C. § 1983 in filing this action, the Magistrate Judge recommends that Plaintiff's action be converted to one seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241 because he perceives that Plaintiff "is attempting to challenge the manner in which sentences he received upon being convicted of certain crimes in 1992 are being applied."[1] Such conversion has the effect of changing the applicable filing fee from $350.00 to $5.00. Consequently, the Magistrate Judge further recommends that Plaintiff's Application for Leave to Proceed In Forma Pauperis (Dkt. 2) be denied because Plaintiff's "institutional account has a current balance of $820.64 and his average monthly deposits total $101.07,"

---

[1] R. & R. (Dkt. 5) at 1.

1

thereby demonstrating that Plaintiff "does not qualify for authorization to proceed without prepayment of the filing fee."[2] Finally, the Magistrate Judge recommends that the action be dismissed without prejudice to refiling unless Plaintiff pays the $5.00 filing fee by September 14, 2020.

The Plaintiff was advised that he had a right to object to the Report and Recommendation (Dkt. 5) by September 14, 2020, and that failure to make a timely objection would waive any right to appellate review of the *in forma pauperis* issue. The Plaintiff timely filed his Objection to the Magistrate Judge's Report and Recommendation (Dkt. 6) on August 31, 2020. Therein, he asserts one objection: he objects to "the Magistrate Judge conclusion that this proceedings [sic] be converted to a Writ of Habeas Corpus pursuant to **28 U.S.C. subsection 2241**" on the basis that such conclusion "**is a misinterpretation of petitioner's filing** of his **42 U.S.** [sic] **subsection 1983**" claim.[3] He states he "isn't challenging the manner in which the sentence he received as a juvenile" is being applied, but instead is challenging the Governor's and the Oklahoma Pardon and Parole Board's denial of a *Miller* hearing and their use of adult matrix rules at his parole proceedings.

In support of his objection, Plaintiff cites *Cunio v. Brown*, No. 6:14-cv-01647-MK, 2020 WL 854180 (D. Or. Feb. 20, 2020), *appeal filed*, No. 20-35283 (9th Cir. Mar. 26, 2020). In that case, the plaintiff alleged violations of the Eighth and Fourteenth

---

[2] *Id.* at 2.

[3] Pet'r's [sic] Obj. to Mag. J.'s R. & R. (Dkt. 6) at 1–2.

Amendments under 42 U.S.C. § 1983 based, in part, upon the Governor, the Oregon Department of Corrections, and the Oregon Board of Parole and Post-Prison Supervision's refusal to provide him a *Miller* hearing.[4] The plaintiff filed a motion for summary judgment on the Defendants' affirmative defense for *Heck* preclusion—a doctrine proclaiming that a writ of habeas corpus "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come within the terms of § 1983"—on the basis that the remedy he seeks is a release hearing to give him a meaningful opportunity for parole during his lifetime.[5] Relying in part upon legislation passed by the Oregon Legislature in 2019 that would require a *Miller* hearing before the Oregon Board of Parole and Post-Prison Supervision under certain circumstances,[6] the court ultimately determined that the plaintiff's claims would not undermine the validity of his conviction or require the shortening of his sentence, such that § 1983 was the proper vehicle for the plaintiff's claims.[7] After addressing other arguments, the court entered summary judgment in Plaintiff's favor and ordered the Parole Board to hold a *Miller* hearing.[8]

---

[4] *Cunio*, 2020 WL 854180, at *1, 3.

[5] *Id.* at *4, 7 (quoting *Heck v. Humphrey*, 512 U.S. 477, 481 (1994)).

[6] *See id.* at *3 (citing S.B. 1008 § 25, 80th Legis. Assemb., Reg. Sess. (Or. 2019) (codified at Or. Rev. Stat. § 144.397)).

[7] *See id.* at *8 (citing *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005); *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003)).

[8] *See id.* at *10.

Like Mr. Cunio, Plaintiff has sued the Governor and the Parole Board.[9] Also like Mr. Cunio, Plaintiff has brought claims that his Eighth and Fourteenth Amendment rights have been violated by the State's refusal to provide a *Miller* hearing and by the Parole Board's use of adult matrix rules at parole hearings for juveniles convicted of homicide crimes.[10] Lastly, Plaintiff hopes to get the same result as Mr. Cunio, which is a *Miller* hearing before the Parole Board that will "provide a meaningful opportunity for release."[11] Unfortunately, Plaintiff's reliance upon the *Cunio* case is misguided due to significant differences between Oklahoma and Oregon law.

To understand those differences, a brief recitation of the history for *Miller* hearings is needed. The term "*Miller* hearing" arises from two recent U.S. Supreme Court cases generally regarding whether a sentence of life without parole imposed upon a minor is a cruel and unusual punishment in violation of the Eighth Amendment: (1) *Miller v. Alabama*, 567 U.S. 460 (2012), and (2) *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016). In *Miller*, the Court announced that the Eighth Amendment prohibits a state from sentencing a minor to life in prison for a homicide offense unless the sentencing authority can overcome the presumption that the offense was the product of the transience of youth with a finding that the minor is one of the rare minors who is irrevocably corrupt.[12] In

---

[9] *Compare id.* at *1, *with* Pro Se Prisoner Civil Rights Compl. (Dkt. 1) at 4–5.

[10] *Compare Cunio*, 2020 WL 854180, at *2–3, *with* Pro Se Prisoner Civil Rights Compl. (Dkt. 1) at 6.

[11] *Compare Cunio*, 2020 WL 854180, at *10, *with* Pro Se Prisoner Civil Rights Compl. (Dkt. 1) at 7.

[12] *Miller*, 567 U.S. at 479.

*Montgomery*, the Court held that the substantive rule from *Miller* applies retroactively to cases on collateral review in state court and found that States "may remedy a *Miller* violation [either] by permitting juvenile homicide offenders to be considered for parole . . . [or] by resentencing them." *Id.* at 732–34, 36. In the aftermath of these cases, the States have taken various measures to remedy *Miller* violations. As noted in the *Cunio* case that Plaintiff cites, the State of Oregon has enacted a statute creating a mechanism by which its Board of Parole and Post-Prison Supervision may conduct a *Miller* hearing, thereby considering parole for offenders sentenced to life without parole as a juvenile.[13] But thus far, the Oklahoma Legislature has not enacted a similar statute, nor has the Oklahoma Pardon and Parole Board promulgated any rules on its own. In fact, legislation that would have given the Oklahoma Pardon and Parole Board authority to conduct *Miller* hearings was vetoed in 2018 by then-Governor Mary Fallin.[14] Because there is no legislative solution for *Miller* hearings, Oklahoma courts have been remedying *Miller* violations by granting post-conviction relief in the form of vacature of the life without parole sentence and resentencing under the guidelines in *Miller*.[15]

This difference between Oklahoma and Oregon law essentially makes the relief requested by Plaintiff impossible to grant. The Court cannot order the Governor or the

---

[13] *See* Or. Rev. Stat. § 144.397.

[14] *See* Alyssa Wiles Juvenile Life Without Parole Sentencing Act, S.B. 1221 § 9, 56th Leg., 2d Reg. Sess. (Okla. 2018) (enrolled, but vetoed), *available at* http://webserver1. lsb.state.ok.us/cf_pdf/2017-18%20ENR/SB/SB1221%20ENR.PDF; S.B. 1221 Veto Letter from Gov. Mary Fallin, State of Okla., to Okla. Senate (May 11, 2018), *available at* https://www.sos.ok.gov/documents/legislation/56th/2018/2R/SB/1221.pdf.

[15] *E.g.*, *Stevens v. State*, 2018 OK CR 11, 422 P.3d 741.

Parole Board to hold a *Miller* hearing that Oklahoma law does not authorize. Plaintiff's remedy lies in challenging his life without parole sentence in the courts.

As Plaintiff's *Miller*-hearing claim would undermine his sentence, the Court agrees with the Magistrate Judge's conclusion that *Heck* preclusion would prevent Plaintiff from maintaining his *Miller*-hearing claim under 42 U.S.C. § 1983. Yet Plaintiff's other adult-matrix-rules claim would not undermine the validity of his conviction or require the shortening of his sentence, such that § 1983 is the proper vehicle for that claim.

Because one of Plaintiff's claims is properly maintained under § 1983 and because Plaintiff objects to the conversion of his action into one seeking a writ of habeas corpus under 28 U.S.C. § 2241, the Court rejects that portion of the Magistrate Judge's Report and Recommendation (Dkt. 5) that would convert this action to one seeking a writ of habeas corpus. Consequently, Plaintiff's objection will be **SUSTAINED**.

Having filed claims under § 1983, Plaintiff must pay a filing fee of $350.00. The Report and Recommendation (Dkt. 5) states that Plaintiff's institutional account had a balance of $820.64 at the time his *in forma pauperis* application was filed. Plaintiff has not objected to that portion of the Magistrate Judge's findings. Consequently, the Court agrees with the Magistrate Judge's conclusion that Plaintiff has sufficient financial resources to pay the filing fee.

Accordingly, upon *de novo* review, the Court:

(1)     **REJECTS IN PART AND ADOPTS IN PART** the Report and Recommendation (Dkt. 5) issued by the Magistrate Judge on August 24, 2020. The recommendation to convert Plaintiff's action into one seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **REJECTED**. The recommendation to deny the application to proceed without prepayment of

the filing fee is **ADOPTED**. Lastly, the recommendation to dismiss the action without prejudice to refiling in the event Plaintiff fails to pay the filing fee by September 14, 2020, is **REJECTED**, as that deadline gives Plaintiff less than a week to meet the deadline. Accordingly, Plaintiff is given leave to pay the full $350.00 filing fee to the Court Clerk **by no later than September 30, 2020. If Plaintiff fails to pay the full filing fee by that date, the action will be dismissed without prejudice to refiling**; and

(2)    **DENIES** Plaintiff's Application for Leave to Proceed In Forma Pauperis (Dkt. 2).

**IT IS SO ORDERED this 9th day of September, 2020.**

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE