## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DEANDRE RODGERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-00839-PRW |
| | ) | |
| RICK WHITTEN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## <u>ORDER</u>

Petitioner, Deandre Rogers, a state prisoner appearing pro se, filed this action pursuant to 42 U.S.C. § 1983, arguing that his sentence of life imprisonment for a murder that he committed at the age of sixteen violates the Eighth and Fourteenth Amendments.

The matter was referred to a Magistrate Judge for initial proceedings, consistent with 28 U.S.C. § 636(b)(1)(B) and (C). The Magistrate Judge initially recommended that Petitioner's entire case be converted to a habeas action brought pursuant to 28 U.S.C. § 2241.[1] Petitioner objected, insisting that he wanted to proceed under § 1983.[2] After review, the Court concluded that Petitioner's claim seeking an order requiring the State of Oklahoma to provide him a *Miller* hearing could not proceed under § 1983, and concluded otherwise with regard to his claim challenging the use of so-called "adult matrix rules" at his parole hearing.[3]

---

[1] R. & R. (Dkt. 5).
[2] Pet'r's Obj. to R. & R. (Dkt. 6).
[3] Order (Dkt. 7).

In light of that order, the Magistrate Judge provided a Supplemental Report and Recommendation, which recommended that the remaining § 1983 claim be dismissed and gave Petitioner until November 23, 2020 to file objections to the Report and Recommendation.[4] Petitioner timely objected.[5]

The Magistrate Judge concluded that Petitioner's life sentence does not implicate the Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012) because Petitioner was not subject to a mandatory life without parole sentence, as plainly evidenced by the fact that Petitioner received a life sentence. Nor is Petitioner's life sentence the functional equivalent of a life without parole sentence where Petitioner will have an opportunity for parole after serving 40 years while still in his fifties.[6] Accordingly, the Magistrate Judge concluded that because the Eighth Amendment does not provide Petitioner with any right to parole, Petitioner's Fourteenth Amendment claim challenging Oklahoma's use of "adult matrix rules" should be dismissed because Petitioner has no constitutionally protected interest in parole consideration or procedure.[7]

Petitioner's objection to the Supplemental Report and Recommendation makes a variety of unpersuasive arguments. He first seems to argue that the Eighth Amendment requires that juvenile offenders be given a meaningful opportunity for parole *while they are still a juvenile*.[8] This is plainly incorrect. The Supreme Court in *Graham v. Florida,*

---

[4] Suppl. R. & R. (Dkt. 14).
[5] Pet'r's Obj. to Suppl. R. & R. (Dkt. 16).
[6] Suppl. R. & R. (Dkt. 14) at 3–7.
[7] *Id.* at 8–9.
[8] Pet'r's Obj. to Suppl. R. & R. (Dkt. 16) at 1–2.

560 U.S. 48 (2010) and its progeny merely held that an those who commit a non-homicide offense as a juvenile must be given a meaningful opportunity for parole—nothing in those cases requires that opportunity to come before an inmate's 18th birthday. Petitioner's bigger problem is that he committed a homicide (felony murder), which places him in the class of juveniles who can be denied the possibility of parole, so long as the sentencing judge had the opportunity to consider and impose a sentence that included the opportunity for parole. Given that Petitioner was sentenced to life, his sentencing judge clearly had that opportunity. Petitioner tries to avoid that conclusion claiming that his offense—felony murder—is not a homicide, but Petitioner is wrong on that count.[9]

Finally, Petitioner shifts his focus to the parole process that he will go through in the future, arguing that the process violates Fourteenth Amendments by failing to provide him with the requisite "meaningful opportunity for early release based on demonstrated maturity and rehabilitation."[10] The Magistrate Judge concluded that Petitioner has no constitutionally protected interest in parole and thus no colorable Fourteenth Amendment claim.[11] But even assuming that *Graham* and its progeny created a constitutionally

---

[9] For all the reasons given above, even if his felony murder were not a homicide, Petitioner's sentence does not violate the Eighth Amendment principles articulated by the Supreme Court in *Graham v. Florida*, 560 U.S. 48 (2010) because it is a life sentence with the requisite meaningful opportunity for parole. Petitioner of course disagrees that the life sentence affords him a "meaningful" opportunity for parole, but never explains how this is so. Petitioner will be given a chance at parole after serving 40 years, Suppl. R. & R. (Dkt. 14) at 6–7, and there is nothing on this record to demonstrate that he will be denied the opportunity to demonstrate that he has matured and been rehabilitated and is otherwise worthy of parole.

[10] Pet'r's Obj. to Suppl. R. & R. (Dkt. 16) at 6–10; *Rainer v. Hansen*, 952 F.3d 1203, 1211 (10th Cir. 2020).

[11] Suppl. R. & R. (Dkt. 14) at 8–9.

protected interest in parole, Petitioner has several problems. First, as a homicide offender, he is not in the class of offenders with a constitutional right to a meaningful opportunity for parole. Under *Miller*, he could have been sentenced to life with no possibility of parole. Second, even if Petitioner's felony murder is considered a non-homicide crime, because this is not an attack on his sentence, but rather an attack on a process that he will go through in the future, his claim is not ripe. There is no way to know what parole rules Oklahoma will have in place by the time Petitioner is considered for parole, so it makes little sense to engage now in a hypothetical analysis of Oklahoma's current rules as applied to Petitioner's future parole application. Third, even if Oklahoma's current parole rules were to ultimately apply, Petitioner has provided nothing that demonstrates that Oklahoma's Pardon and Parole Board will be *precluded* from considering his maturity and rehabilitation as grounds for his parole. Moreover, it is wholly unwarranted for this Court to presume on these facts that at some point in the future the State of Oklahoma will ignore its constitutional obligations and deprive Petitioner of his "meaningful" opportunity for parole. Accordingly, Petitioner has failed to demonstrate the requisite injury in fact; he has merely offered up a hypothetical injury that he *might* suffer in the future. For all these reasons, Petitioner's Fourteenth Amendment claim fails as a matter of law.

Having reviewed the objections de novo, the Court agrees with the Magistrate Judge that Petitioner's case must be dismissed. The Court accordingly adopts the reasoning of the Magistrate Judge and overrules Petitioner's objections.

Accordingly, the Court:

    (1)    **ADOPTS** the Supplemental Report and Recommendation (Dkt. 14) issued by the Magistrate Judge on June 10, 2020;

    (2)    **DISMISSES** the Complaint with prejudice;

    (3)    **ORDERS** that judgment issue forthwith; and

    (4)    **DENIES** a Certificate of Appealability.

**IT IS SO ORDERED** this 25th day of February 2021.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE